<span style="color:red">**FILED**
**May 03, 2018**
**07:51 AM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**</span>



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **Donna Bedwell,** | ) | **Docket No. 2017-06-1826** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Richland Country Club,** | ) | **State File No. 78932-2016** |
| **Employer,** | ) | |
| **And** | ) | |
| **Employers Insurance, LLC,** | ) | **Judge Kenneth M. Switzer** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF
## (ON-THE-RECORD DETERMINATION)

Donna Bedwell filed a Request for Expedited Hearing seeking additional medical and temporary disability benefits for her September 2016 work-related accident at Richland Country Club. The Court determined it would make an on-the-record determination rather than conduct an in-person evidentiary hearing after reviewing the file and holding it needed no additional information to determine whether Ms. Bedwell is likely to prevail at a hearing on the merits. The Court sent a docketing notice giving the parties seven business days to object to any of the contents of the record or to supplement it. Neither party responded to the docketing notice. The case now comes before the Court on May 2, 2018, on the issue of whether Ms. Bedwell's current condition relates to her work accident. Because the medical evidence does not support her claim, the Court denies the requested relief.

### History of Claim

Ms. Bedwell worked as a host at Richland Country Club. In September 2016, a heavy wooden door struck the left side of her head.[1] Richland offered a panel, from which she chose U.S. HealthWorks as the authorized treating physician. Ms. Bedwell

---

[1] The Petition for Benefit Determination listed a date of injury of September 29, 2016, while Ms. Bedwell's Affidavit stated that she became injured on September 28, 2016.

saw Dr. Paul Justice, giving a history of four previous head injuries in addition to the door striking her head. Dr. Justice referred her to a neurologist and ordered an MRI, which she never underwent.

Ms. Bedwell next received authorized treatment from neurologist Dr. Steven Graham; Richland submitted no evidence regarding whether she chose him from a panel. At the first visit on October 28, Dr. Graham diagnosed a "mild grade 1 concussion with persistent headache and neck pain, and mild disequilibrium." Ms. Bedwell reported improvement at the next visit on November 17. Dr. Graham noted no significant exam findings and wrote, "I have not recommended any additional evaluations or treatments." He recommended a follow-up in one month, predicting that she would reach maximum medical improvement at that time with zero-percent impairment. At the December 29 visit, he noted:

> [P]redominantly functional complaints, which do not fit with history of mild concussion several weeks ago[,] which was getting better spontaneously. Underlying stress appears to be the main driving force of her subjective symptoms. . . . I have not recommended any additional medications. No additional work restrictions or limitations were indicated. Follow-up as needed.

Records dated December 30 contain the same notation, verbatim, with the additional information: "Neurologically, she can be placed at maximum medical improvement as of today, with no neurological impairment." According to Ms. Bedwell, Dr. Graham declined to order MRIs and/or CT scans despite her three requests that he do so.

After Dr. Graham released her, Ms. Bedwell was injured in a car accident on February 9, 2017. She received emergency care at Vanderbilt, where, according to her, providers "discovered that I had endured a blunt force trauma to the head[,] which had caused me to endure an occipital condyle fracture[,] which was caused before the accident." Notes from Ms. Bedwell's post-accident treatment included a February 9 report of CT scan of her cervical spine, which read, "suspect small right occipital condyle avulsion fracture." However, a February 11 report stated, "Suspected occipital condyle avulsion is not visualized on this exam."

Several months after the accident, Ms. Bedwell returned to Dr. Graham. His August 10 notes stated:

> [N]umerous somatic symptoms, with no specific neuropathological abnormalities of the brain or spinal cord present. She had recovered very well from her mild concussion[,] which occurred in September 2016, and the ongoing somatic symptoms are not secondary to the mild concussion[,] which occurred 11 months ago. Ongoing concurrent severe depression can

2

clearly result in significant somatic complaints.[2]

Dr. Graham recommended no further neurological evaluations or treatment.

That same day, Richland sent Dr. Graham a letter asking about Ms. Bedwell's condition. He responded that she suffered a "mild concussion" in September 2016, which resolved. He recommended no additional treatment and attributed the major cause of her current condition to "non-neurological somatoform disorder." The letter asked, "Do you feel the employee's current symptoms, occipital condyle fracture[,] are more than 51% related/caused by the alleged job accident of 09/28/16?"[3] Dr. Graham checked "no." He concluded that she had "no neurological restrictions or limitations."

### Findings of Fact and Conclusions of Law

Ms. Bedwell need not prove every element of her claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, she must present sufficient evidence that she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

Ms. Bedwell must additionally show that she suffered an injury as defined in the Workers' Compensation Law. An "injury" means an injury by accident "arising primarily out of and in the course and scope of employment[.]" Further, it must be shown to a reasonable degree of medical certainty that the employment contributed more than fifty percent in causing the need for medical treatment, considering all causes. *See generally* Tenn. Code Ann. § 50-6-102(14).

Here, Richland does not dispute that a door struck Ms. Bedwell's head, but it disputes whether her current need for treatment relates to that incident. Richland relies on Dr. Graham's statements, in both his treatment notes and the causation letter, concluding that she suffered a mild concussion that resolved, and that Ms. Bedwell's current symptoms are somatic and more likely related to stress and depression. Importantly, Ms. Bedwell introduced no medical evidence to rebut these opinions. Ms. Bedwell's belief that she requires additional treatment cannot serve as the sole basis of a

---

[2] "Somatic symptom disorder involves having a significant focus on physical symptoms — such as pain or fatigue — to the point that it causes major emotional distress and problems functioning. You may or may not have another diagnosed medical condition associated with these symptoms." MAYO CLINIC, https://www.mayoclinic.org/diseases-conditions/somatic-symptom-disorder/symptoms-causes/syc-20377776 (Last visited May 3, 2018).

[3] The letter misstates the correct legal standard. As explained in the Findings of Fact and Conclusions of Law, it must be shown to a reasonable degree of medical certainty that the employment contributed "more than *fifty percent*" in causing the need for medical treatment, considering all causes. (Emphasis added.)

3

court order granting her requested medical benefits. *See* Tenn. Code Ann. § 50-6-102(14)(A), (C) requiring expert medical proof of causation.

Ms. Bedwell essentially argued in her position statement that she suffered an occipital condyle fracture at work that went undiagnosed because Dr. Graham refused to order MRIs and/or CT scans. She relied on the Vanderbilt records to support her assertion. The Court disagrees, since the Vanderbilt records do not state that the suspect occipital condyle fracture pre-dated the auto accident and/or stemmed from her work injury. In fact, the records later ruled out the fracture's very existence.

Notably, the Court is troubled by two aspects of Dr. Graham's treatment. First, the records contain entries from December 29 and 30 that appear identical except for the addition on the second date stating that Ms. Bedwell reached maximum medical improvement and suffered no neurological impairment. The Court is uncertain whether Dr. Graham actually saw Ms. Bedwell on December 30; if not, the Court finds the additional notation curious regarding who or what prompted him to expand his notes. Second, Richland did not introduce proof that Ms. Bedwell selected Dr. Graham from a panel under Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii). Therefore, his causation opinion is not presumed correct; *see* Tenn. Code Ann. § 50-6-102(14)(E).

Regardless, the Appeals Board addressed a somewhat similar factual scenario in *Berdnik v. Fairfield Glade Community Club,* 2017 TN Wrk. Comp. App. Bd. LEXIS 32 (May 18, 2017). In that case, the employer did not provide a panel but rather sent the employee to an independent medical examiner, who concluded the injury was not work-related. The Board cautioned employers not to "skirt their obligations under section 50-6-204." *Id.* at *16. The Board nonetheless concluded:

> The only medical opinion addressing causation contained in the record is contrary to Employee's position. Absent countervailing medical proof, this opinion must carry the day, as there is no authority to award benefits in the face of undisputed medical evidence that an injury did not arise primarily out of the employment. To hold otherwise would ignore the parameters for awarding benefits set by the legislature and would effectively broaden workers' compensation coverage to general health insurance.

*Id.* Here, in spite of the Court's previous concerns, it cannot substitute its own judgment for that of the only medical professional to offer an opinion. *See Lurz v. Int'l Paper Co.,* 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *16 (Feb. 14, 2018)("[J]udges are not well-suited to make independent medical determinations without expert medical testimony supporting such a determination."). Therefore, the Court holds Ms. Bedwell is not likely to prevail at a hearing on the merits regarding her requested medical benefits.

As for Ms. Bedwell's request for temporary disability benefits, to receive them she

4

must prove (1) total disability from working as the result of a compensable injury; (2) a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *Shepherd v. Haren Constr. Co., Inc.,* 2016 TN Wrk. Comp. App. Bd. LEXIS 15, at *13 (Mar. 30, 2016). Again, without medical proof of Ms. Bedwell's alleged total disability resulting from a work injury and the duration of that disability, the Court is unable hold that she would prevail at a hearing on the merits on her claim for temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Bedwell's requests for medical and temporary disability benefits are denied at this time.

2. This matter is set for a Scheduling Hearing on July 2, 2018, at 9:00 a.m. Central. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Hearing. Failure to call may result in a determination of the issues without your participation.

**ENTERED May 3, 2018.**

**JUDGE KENNETH M. SWITZER**
**Court of Workers' Compensation Claims**

# APPENDIX

The Court reviewed the following documents:

1. Affidavit
2. C-23 Notice of Denial
3. Composite medical records
4. C-27 Notice of Controversy
5. Wage statement
6. Pay stubs
7. Work schedules
8. Petition for Benefit Determination
9. Employee's Pre-Mediation Statements
10. Employer's Pre-Mediation Statement and attachments
11. Dispute Certification Notice
12. Request for Expedited Hearing
13. Employer's Objection to Request for Expedited Hearing
14. Order Setting Expedited Hearing
15. Employer's Pre-Hearing Statement
16. Employer's Witness and Exhibit List
17. Order (Docketing Notice).

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent to these recipients by the following methods of service on May 3, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|---|---|---|---|---|
| Donna Bedwell, self-represented Employee | x | | x | Donnabwell@gmail.com; 1903 Enclave Circle, Nashville TN 37211 |
| Richard Clark, Employer's Counsel | | | x | RClark@eraclides.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6



<u>Expedited Hearing Order Right to Appeal</u>:

If you disagree with this Expedited Hearing Order, you may appeal to the Workers' Compensation Appeals Board. To appeal an expedited hearing order, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal," and file the form with the Clerk of the Court of Workers' Compensation Claims *within seven business days* of the date the expedited hearing order was filed. When filing the Notice of Appeal, you must serve a copy upon all parties.

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing of the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of the appeal.**

3. You bear the responsibility of ensuring a complete record on appeal. You may request from the court clerk the audio recording of the hearing for a $25.00 fee. If a transcript of the proceedings is to be filed, a licensed court reporter must prepare the transcript and file it with the court clerk *within ten business days* of the filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within ten business days* of the filing of the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the hearing. The Workers' Compensation Judge must approve the statement before the record is submitted to the Appeals Board. If the Appeals Board is called upon to review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. If you wish to file a position statement, you must file it with the court clerk within *ten business days* after the deadline to file a transcript or statement of the evidence. The party opposing the appeal may file a response with the court clerk *within ten business days* after you file your position statement. All position statements should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



**Filed Date Stamp Here**

**EXPEDITED HEARING NOTICE OF APPEAL**
Tennessee Division of Workers' Compensation
www.tn.gov/labor-wfd/wcomp.shtml
wc.courtclerk@tn.gov
1-800-332-2667

Docket #: _____

State File #/YR: _____

RFA #: _____

Date of Injury: _____

SSN: _____

_____

**Employee**

_____

**Employer and Carrier**

**Notice**

Notice is given that _____

[List name(s) of all appealing party(ies) on separate sheet if necessary]

appeals the order(s) of the Court of Workers' Compensation Claims at _____

_____to the Workers' Compensation Appeals Board.

[List the date(s) the order(s) was filed in the court clerk's office]

**Judge**_____

**Statement of the Issues**

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

**Additional Information**

**Type of Case** [Check the most appropriate item]

☐ Temporary disability benefits
☐ Medical benefits for current injury
☐ Medical benefits under prior order issued by the Court

**List of Parties**

**Appellant (Requesting Party):**_____At Hearing: ☐Employer ☐Employee

Address:_____

Party's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code:_____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____  SF#: _____  DOI: _____

## Appellee(s)
**Appellee (Opposing Party):**_____At Hearing: ☐Employer ☐Employee

Appellee's Address: _____

Appellee's Phone:_____Email:_____

Attorney's Name:_____ BPR#: _____

Attorney's Address:_____ Phone: _____

Attorney's City, State & Zip code: _____

Attorney's Email:_____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I,_____, certify that I have forwarded a true and exact copy of this Expedited Hearing Notice of Appeal by First Class, United States Mail, postage prepaid, to all parties and/or their attorneys in this case in accordance with Rule 0800-02-22.01(2) of the Tennessee Rules of Board of Workers' Compensation Appeals on this the_____day of_____, 20__.


[Signature of appellant or attorney for appellant] _____



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

## AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____

2. Address: _____

3. Telephone Number: _____

4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

Groceries      $ _____ per month     Telephone     $ _____ per month

Electricity      $ _____ per month     School Supplies $ _____ per month

Water      $ _____ per month     Clothing     $ _____ per month

Gas      $ _____ per month     Child Care     $ _____ per month

Transportation   $ _____ per month     Child Support     $ _____ per month

Car      $_____ per month

Other      $ _____ per month (describe: _____ )

10. Assets:

Automobile     $ _____     (FMV) _____

Checking/Savings Acct. $ _____

House     $ _____     (FMV) _____

Other     $ _____     Describe: _____

11. My debts are:

| Amount Owed | To Whom |
| --- | --- |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____

APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____

NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)          RDA 11082

EHO

**State of Tennessee**
Bureau of Workers' Compensation
220 French Landing Drive, Suite 1-B
Nashville, Tennessee 37243-1002

CERTIFIED MAIL

91 7199 9991 7035 4177 2688

**Donna Bedwell**
**1903 Enclave Circle**
**Nashville, TN 37211**